WATFORD, Circuit Judge,
concurring:
I agree with the majority that United States v. Ant, 882 F.2d 1389 (9th Cir.1989), remains binding and controls the outcome of this case. I write separately to highlight three reasons why, in my view, Ant warrants reexamination.
1. The Supreme Court’s decision in Nichols v. United States, 511 U.S. 738, 114 S.Ct. 1921, 128 L.Ed.2d 745 (1994), doesn’t squarely overrule Ant, but it does call Ant’s reasoning into question. Nichols held that an uncounseled misdemeanor conviction valid under Scott v. Illinois, 440 U.S. 367, 99 S.Ct. 1158, 59 L.Ed.2d 383 (1979) — because no term of imprisonment was imposed — may be used “to enhance the sentence for a subsequent offense, even though that sentence entails imprisonment.” 511 U.S. at 746-47, 114 S.Ct. 1921. The Court’s holding undermines the notion that uncounseled convictions are, as a categorical matter, too unreliable to be used as a basis for imposing a prison sentence in a subsequent case. Nichols suggests that so long as a prior conviction isn’t tainted by a constitutional violation, nothing in the Sixth Amendment bars its use in subsequent criminal proceedings.
That principle is hard to square with the result we reach today by applying Ant. It’s true that Michael Bryant’s prior domestic abuse convictions would have been obtained in violation of the Sixth Amendment had he been tried in state or federal court, since he lacked appointed counsel and appears to have received a term of imprisonment following those convictions. See Scott, 440 U.S. at 373-74, 99 S.Ct. 1158. But the fact remains that his prior convictions were not obtained in violation of the Sixth Amendment because they occurred in tribal court, where the Sixth Amendment doesn’t apply. United States v. Percy, 250 F.3d 720, 725 (9th Cir.2001). It seems odd to say that a conviction untainted by a violation of the Sixth Amendment triggers a violation of that same amendment when it’s used in a subsequent case where the defendant’s right to appointed counsel is fully respected. As the Tenth Circuit stated, “Use of tribal convictions in a subsequent prosecution cannot wolate ‘anew' the Sixth Amendment, because the Sixth Amendment was never violated in the first instance.” United States v. Shavanaux, 647 F.3d 993, 998 (10th Cir.2011) *680 (citation omitted). The contrary rule we adopted in Ant would make sense if un-counseled convictions were deemed insufficiently reliable to warrant giving them any weight in subsequent criminal proceedings. But, as I’ve noted, Nichols undercuts the proposition that uncounseled convictions are categorically unreliable.
Further doubt is cast on Ant’s vitality when we consider the exception carved out in Lewis v. United States, 445 U.S. 55, 100 S.Ct. 915, 63 L.Ed.2d 198 (1980), and United States v. First, 731 F.3d 998 (9th Cir.2013). In Lewis, the Supreme Court held that a felony conviction obtained in violation of the Sixth Amendment could nevertheless be used as a predicate for a felqn-in-possession charge. 445 U.S. at 67, 100 S.Ct. 915. The Court reasoned that the firearms prohibition relied “on the mere fact of conviction,” not the reliability of that conviction, to enforce through criminal sanctions what amounted to only “a civil disability.” Id. We felt compelled to follow this precedent in First, where we held that an uncounseled tribal court conviction that would have violated the Sixth Amendment if obtained in state or federal court could also be used as a predicate for a similar firearms possession statute. 731 F.3d at 1008-09.
The resulting asymmetry is striking. In Lewis and First, the “mere fact of conviction,” even if unreliable and unconstitutionally obtained, could be used to criminalize an act that might otherwise be lawful— firearms possession. Lewis, 445 U.S. at 67, 100 S.Ct. 915; First, 731 F.3d at 1008-09. Here, however, the “mere fact” of a domestic violence conviction cannot be used to support pufiishment for an act that is already criminal — domestic violence. That seems illogical. If anything, we would want to be more cautious about the use of uncounseled prior convictions in prohibiting firearms possession, because that prohibition impinges upon what would otherwise be a fundamental right. We aren’t impinging upon anyone’s rights when we prohibit (or enhance penalties for) domestic violence, since no one has the right to abuse a spouse or intimate partner to begin with. The reason for holding that the Sixth Amendment is violated in this case but not in Lewis and First isn’t easy to grasp.
2. So why are we refusing to recognize the validity of Bryant’s prior domestic abuse convictions in this case, given that the convictions themselves aren’t constitutionally infirm? Presumably it’s because of concerns over the reliability of those convictions. As discussed above, though, that concern apparently doesn’t exist across the board with respect to uncoun-seled convictions obtained in state or federal courts. So aren’t we really saying that the right to appointed counsel is necessary to ensure the reliability of all tribal court convictions? If that’s true, we seem to be denigrating the integrity of tribal courts, as discussed in the dissent in Ant. See 882 F.2d at 1397-98 (O’Scannlain, J., dissenting). The implication is that, if the defendant lacks counsel, tribal court convictions are inherently suspect and unworthy of the federal courts’ respect. While in our adversarial system we’ve concluded that the lack of counsel detracts from the accuracy and fairness of a criminal proceeding, see Gideon v. Wainwright, 372 U.S. 335, 342-44, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), respect for the integrity of an independent sovereign’s courts should preclude such quick judgment. See Wilson v. Marchington, 127 F.3d 805, 811 (9th Cir.1997).
3. It’s perhaps unsurprising that our decision in this case conflicts with decisions from two of our sister circuits. Faced with almost identical scenarios— prior, uncounseled tribal court convictions *681 that would have violated the Sixth Amendment in state or federal court and that were used as predicate offenses under 18 U.S.C. § 117 — the Eighth and Tenth Circuits pointedly disagreed with us. See United States v. Cavanaugh, 643 F.3d 592, 595, 604 (8th Cir.2011); United States v. Shavanaux, 647 F.3d 993, 995-98 (10th Cir.2011). As our colleagues on the Eighth Circuit noted, “Supreme Court authority in this area is unclear; reasonable decisionmakers may differ in their conclusions as to whether the Sixth Amendment precludes a federal court’s subsequent use of convictions that are valid because and only because they arose in a court where the Sixth Amendment did not apply.” Cavanaugh, 643 F.3d at 605. Given this circuit split and the lack of clarity in this area of Sixth Amendment law, the Supreme Court’s intervention seems warranted.